IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02364-LTB

MELODIA DICKEY,

    Plaintiff,

v.

BRENDA HAGMAN,

    Defendant.

---

ORDER GRANTING MOTION TO RECONSIDER

---

The matter before the Court is Plaintiff's request, ECF No. 12, submitted to the Court on February 13, 2013, asking to reopen this case. The Court must construe the request liberally because Plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the request as a Motion to Reconsider filed pursuant to Fed. R Civ. P. 60(b) and grant the Motion.

The Court dismissed the Complaint and action without prejudice pursuant to Fed. R. Civ P. 41(b) for failure to comply with the September 6, 2012 Order. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). This case was dismissed on October 15, 2012, because Plaintiff failed to comply with the Court's order to submit a certified account statement. A motion to

reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit effective set forth under Rule 59(e)). Plaintiff's request to reopen was filed four months after the Court's Order of Dismissal was entered on October 15, 2012. Therefore, the Motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the Motion and the entire file, the Court concludes that Plaintiff has demonstrated a sufficient reason to alter or amend the October 15 Order of Dismissal and Judgment in this action.

Plaintiff submitted a change of address on September 5, 2012. Inadvertently, correspondence from the Court was sent to the previous address provided by Plaintiff. As a result, Plaintiff did not know she was required to comply with the Court's September 6, 2012 Order. Accordingly, it is

ORDERED that Plaintiff's request to reopen the case, ECF No. 11, is GRANTED. It is

FURTHER ORDERED that the Order of Dismissal and the Judgment, both filed on October 15, 2012, are vacated. It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the Pro Se Docket. It is

FURTHER ORDERED that Plaintiff, since she no longer is incarcerated, shall submit a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 Court-approved form that is used by nonprisoners.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint format www.cod.uscourts.gov, along with instructions for use in filing the form.  It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Complaint and action will be dismissed without further notice.  It is

FURTHER ORDERED that the Clerk of the Court note the change of address noted by Plaintiff in ECF No. 11.

DATED at Denver, Colorado, this   21st   day of    February    , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court